IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | CIV. ACTION NO. 1:22-cv-446 |
| v. | | |
| WILLIAMS-AUSTIN BUILDERS, INC., SARAH AND JASON WILLIAMS, KRISTINA AND EVAN BAEHR, AND AS NEXT FRIEND TO C.B., M.B., E.B., and S.B., | | |
| Defendants. | | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Mid-Continent Casualty Company ("Mid-Continent" or "Plaintiff"), pursuant to 28 U.S.C. § 2201, and files its Complaint for Declaratory Judgment, seeking construction of commercial general liability insurance policies; a declaratory judgment that Plaintiff has no duty to defend or indemnify Defendants Williams-Austin Builders, Inc. ("Williams-Austin") and Sarah and Jason Williams (collectively, the "Williamses"); and a declaratory judgment that Plaintiff has no duty to indemnify Kristina and Evan Baehr, Individually and as Next Friend to C.B., M.B., E.B., and S.B. (collectively the "Underlying Plaintiffs") in the lawsuit presently pending in Travis County, Texas and as grounds therefor, would respectfully show the Court the following:

# I.
# PARTIES

1. Plaintiff Mid-Continent is a corporation incorporated under the laws of the State of Ohio, with a principal place of business in the State of Oklahoma.

2. Defendant Williams-Austin Builders, Inc. ("Williams-Austin") is incorporated under the laws of Texas with its principal place of business in Texas. Upon information and belief, service of process may be made on Williams-Austin through its registered agent for service, Jason Williams, at 815A Brazos Street, No. 288, Austin, Texas 78701.

3. Defendant Sarah Williams is a citizen of the State of Texas and resident of Travis County, Texas. Upon information and belief, service of process may be made on Mrs. Williams at 5801 Sandalwood Hollow, Austin, Texas 78731.

4. Defendant Jason Williams is a citizen of the State of Texas and resident of Travis County, Texas. Upon information and belief, service of process may be made on Mr. Williams at 5801 Sandalwood Hollow, Austin, Texas 78731.

5. Defendant Kristina Baehr, Individually and As Next Friends to C.B., M.B., E.B., and S.B. (collectively the "Baehrs" or "Underlying Plaintiffs"), is a citizen of the State of Texas and resident of Travis County, Texas. Upon information and belief, service of process may be made on Mrs. Baehr at 611 Hearn Street, Austin, Texas 78703.

6. Defendant Evan Baehr, Individually and As Next Friends to C.B., M.B., E.B., and S.B. (collectively the "Baehrs" or "Underlying Plaintiffs"), is a citizen of the State of Texas and resident of Travis County, Texas. Upon information and belief, service of process may be made on Mr. Baehr at 611 Hearn Street, Austin, Texas 78703.

## II.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over this Complaint based upon 28 U.S.C. § 1332(a)(1) and (c)(1). The Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs of suit.

8. Venue is properly maintained in this Court because it is the judicial district where a substantial part of the events and omissions giving rise to the claims occurred and in which the underlying state court lawsuit that is the basis of this suit is pending.

## III.
## FACTS

9. On May 20, 2021, Kristina and Evan Baehr, Individually and As Next Friends to C.B., M.B., E.B., and S.B. (collectively "Underlying Plaintiffs"), filed their First Amended Petition against Defendants in a case styled as: *Kristina and Evan Baehr, and As Next Friend to CB, MB, EB, and SB v. Williams-Austin Builders, Inc.; Sarah and Jason Williams; Ortiz Sheet Metal Roofing LLC; Guzman Framing; TexCode Inc.; Doyle Williamson; James Earl Westbrook; Westbrook Engineering, LLC; Randy Herrera; and Randy Herrera Designer, LLC; Woods Comfort Systems, Inc.*, Cause No. D-1-GN-21-002112; in the 353rd Judicial District Court of Travis County, Texas (the "Underlying Lawsuit").

10. The Underlying Lawsuit involves the Baehrs claimed residential construction defect claims, alleged property damage and bodily injury from the Baehrs' exposure to black mold at their property located at 2605 West 8th Street, Austin, Texas 78703 (the "Home").

11. The Underlying Lawsuit alleges Williams-Austin, under Mr. Williams' direct supervision, defectively designed and constructed the Home in 2011, while the Williamses were negligent and grossly negligent in their failure to disclose the known defects when the Home was sold to the Underlying Plaintiffs in 2013.

12. In the Underlying Lawsuit, the Baehrs allege the following construction defects:

- Deficient roof flashings, allowing water leaks into the roof and exterior walls of the Home;

- Deficient window installation throughout the Home, allowing unmanaged water ingress;

- Deficient brick cladding installation, allowing for exacerbated moisture levels at the base of the walls; and

- Incorrect installation of WRB insulation, creating an environment for microbial growth to spread inside the Home's walls, undetected to the Underlying Plaintiffs.

13. The Baehrs allege the following causes of action: negligence; gross negligence; negligent hiring; failure to disclose known defects; breach of warranty to perform services in a good and workmanlike manner; breach of warranty of habitability; and violations of the Texas Deceptive Trade Practices Act.

14. According to the Baehrs, the Underlying Defendants are liable for the removal and replacement of the Home's claddings, roofing, framing and windows, along with the removal and replacement of the interior insulation, drywall, cabinetry, trim, paint and flooring. The Baehrs describe this as a need to deconstruct the Home from the outside in.

15. The Baehrs further claim the black mold infestation required disposal and/or cleaning of nearly all of their personal property items in the Home and resulted in permanent and long-term neurological issues for all of the family members. For such, the Baehrs seek damages in excess of $1,000,000.

16. Mid-Continent is providing a defense of Williams-Austin and the Williamses in the Underlying Lawsuit under a reservation of rights.

## IV.
## MID-CONTINENT POLICIES

17. At the time of the alleged construction defects, Williams-Austin may have been insured under general liability policies through Mid-Continent.

18. Mid-Continent issued the following Commercial General Liability Policies ("CGL Policies") to Williams-Austin:

- CGL Policy No. GL 807216, effective from 11/26/2010 through 11/26/2011;
- CGL Policy No. GL 949503, effective from 11/26/2015 through 11/26/2016;
- CGL Policy No. GL 964999, effective from 11/26/2016 through 11/26/2017;
- CGL Policy No. GL 986616, effective from 11/26/2017 through 11/26/2018;
- CGL Policy No. GL 1008872, effective from 11/26/2018 through 11/26/2019;
- CGL Policy No. GL 1029987, effective from 11/26/2019 through 11/26/2020; and
- CGL Policy No. GL 1050765, effective from 11/26/2020 through 11/26/2021.

19. Upon information and belief, Williams-Austin was insured with State National Insurance Company from 11/26/2011 through 11/26/2015, which includes the sale of the Home during 2013.

20. The Mid-Continent occurrence policies have policy limits of $1 million limit per occurrence, $2 million general aggregate limit, and are subject to a $1,000 per occurrence deductible for property damage liability claims for the 2015 through 2021 policy periods. The applicable property damage liability claim deductible for the 2010-2011 policy period is $10,000.

21. The Mid-Continent CGL Policies provide in relevant part:

**SECTION I — COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigation any "occurrence" and settle any claim or "suit" that may result.

    ***

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period;

    ***

22. In addition, Coverage A is subject to exclusions which provide, in pertinent part, that the insurance does not apply to:

    a. **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

    b. **Contractual Liability**

    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1) That the insured would have in the absence of the contract or agreement; or

> **(2)** Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:
>
>> **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract", and
>> **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.
>
> ***
>
> **f. Pollution**
>
>> **(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants": ….
>
> ***
>
> **j. Damage to Property**[1]
>
> "Property damage" to:
>
> ***
>
>> **(2)** Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises. This exclusion does not apply if the premises are "your work" and were not occupied, rented or held for rental by you for more than a period of 12 consecutive months immediately after completion of the premises;
>
> ***
>
>> **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations. This exclusion does not apply to liability assumed under a sidetrack agreement; or
>
>> **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. This exclusion does not apply to liability assumed under a sidetrack

---

[1] As modified in Endorsement ML 11 91 04 00 – Residential Contractor Extension A Homebuilders Division.

agreement or to "property damage" included in the "products-completed operations hazard".

\*\*\*

l. **Defective Work**[2]

"Defective Work" includes any and all costs associated with the removal or replacement of the defective, deficient or faulty work.

m. **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*\*\*

23. Each version of the policy is further modified by the following Fungus, Mildew and Mold Exclusion:

**FUNGUS, MILDEW AND MOLD EXCLUSION**

\*\*\*

This insurance does not apply to:

1. "Bodily injury", "property damage", "personal or advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

2. Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal,

---

[2] As modified in Endorsement ML 13 33 03 15 – Enhanced Coverage for Contractors for the 2015 through 2021 policy periods.  This Endorsement is not contained in the 2010-2011 Policy.

      disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens; or

   **3.**  Any obligation to share with or repay any person, organization or entity, related in any way to items **1** and **2**.

***

   24.     Section II of the Mid-Continent Policies further contains the following Who Is An Insured provision:

   **1.**  If you are designated in the Declarations as:

\*\*\*

      **d.**  An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

***

   25.     Section V of the Mid-Continent Policies contains the following definitions:

   **3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\*\*\*

   **8.**  "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

      **a.**  It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

      **b.**  You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:[3]

   f.  That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

   ***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products–completed operations hazard":

   a.  Includes all "bodily injury" and "property damage occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      (1) Products that are still in your physical possession; or

      (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

         (a) When all of the work called for in your contract has been completed.

         (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

         (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   ***

---

[3] As Amended by Endorsement CG 24 26 04 13.

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. …

***

21. "Your Product":

   a. Means:
      (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
         (a) You;
         (b) Others trading under your name; or
         (c) A person or organization whose business or assets you have acquired; and
      (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
   b. Includes:
      (1) Warranties or representations made at any time with respect to fitness, quality, durability, performance or use of "your product"; and
      (2) The providing of or failure to provide warnings or instructions.…

22. "Your Work":

   a. Means:
      (1) Work or operations performed by you or on your behalf; and
      (2) Materials, parts or equipment furnished in connection with such work or operations.

   b. Includes:
      (1) Warranties or representations made at any time with respect to fitness, quality, durability, performance or use of "your work"; and
      (2) The providing of or failure to provide warnings or instructions.

23. "Defective Work" means "Your Work" that is defective, deficient, non-conforming, not in accordance with plans and specifications, fails to satisfy applicable building code(s), fails to meet industry practice standards, is not fit for its intended use, not performed in a workman like manner or is faulty, and is included in the products-completed operations hazard.

***

## V.
## JUSTICIABLE INTEREST

26. Williams-Austin and the Williamses made a demand for defense and indemnity under the Mid-Continent policies for the Underlying Lawsuit. Mid-Continent is providing them with a defense under a reservation of rights.

27. All persons having an interest in the outcome of this litigation have been joined as parties. Mid-Continent seeks a declaration as to its duties and obligations, if any, owed to Williams-Austin, the Williamses and the Baehrs under the CGL Policies for the Underlying Lawsuit. The interest of Mid-Continent is adverse to the interests of all defendants herein.

28. An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. §2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

## VI.
## COUNTS FOR DECLARATORY RELIEF

**The *Who Is An Insured Provision* Does Not Extend to Sarah and Jason Williams, Individually**

29. Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 26 above.

30. The Underlying Plaintiffs have sued Williams-Austin, and the Williamses in their individual capacities, respectively, in connection with the construction, sale and marketing of the Home to the Baehrs.

31. The Who Is An Insured provision states that the executive officers and directors of Williams-Austin are insureds but only with respect to their duties as officers and directors of Williams-Austin.

32. Sarah Williams appears not to hold any position as an officer or director for Williams-Austin.

33. Although Jason Williams appears to be the President and Director of Williams-Austin, it appears that the sale of this Home was not on behalf of Williams-Austin but instead was in the Williamses' individual capacities.

34. To the extent that Mrs. Williams is not an officer or director of Williams-Austin, and that the sale of the Home was executed in the Williamses' individual capacities and not in compliance with their duties as officers and directors of Williams-Austin, Mid-Continent is entitled to a declaration that it has no duty to defend or indemnify the Williamses, individually, under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs for any damages awarded against the Williamses in the Underlying Lawsuit.

**The *Fungus, Mildew and Mold Exclusion* Bars Coverage**

35. Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 32 above.

36. The Underlying Plaintiffs make allegations that stem from their exposure to various types of black mold at the Home following their purchase in 2013 from the Williamses.

37. The Mid-Continent policies include a fungus, mildew and mold exclusion endorsement which precludes coverage for: "…'bodily injury', 'property damage' … arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to fungus, mildew, mold or resulting allergens."

38. The express language of this Endorsement is the broadest form available and serves as a complete bar to the damages the Baehrs seek in the Underlying Lawsuit.

39.     To the extent the Baehrs seek any recovery of bodily injury or property damage arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to fungus, mildew, mold or resulting allergens, the *Fungus, Mildew, and Mold Exclusion* serves as a complete bar to coverage.

40.     Mid-Continent is entitled to a declaration that it has no duty to defend or indemnify Williams-Austin and/or the Williamses under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs should they become a judgment creditor.

### The *Pollution Exclusion* Bars Coverage

41.     Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 38 above.

42.     The Pollution Exclusion bars coverage for "'bodily injury' or 'property damage' …. arising out of actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants'." "Pollutant" is defined to include any irritant or contaminant.

43.     To the extent that the black mold of which the Baehrs complain constitutes a "pollutant" under the Mid-Continent policies, Mid-Continent is entitled to a declaration that it has no duty to defend or indemnify Williams-Austin and/or the Williamses under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs should they become a judgment creditor.

### The *Property Damage and Defective Work Exclusions* Bar Coverage

44.     Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 41 above.

45.     The Baehrs allege that Williams-Austin and/or the Williamses were the builder, and agreed to ensure that all construction was designed and performed in a good and

workmanlike manner and they breached this duty by failing to properly design, supervise, improve, construct, market, sell, and/or repair the Home.

46. The Mid-Continent policies exclude coverage for "property damage" to a premises that is sold, given away or abandoned if the "property damage" arises out of any part of those premises.

47. The Mid-Continent policies also exclude coverage for "property damage" to that particular part of real property on which Williams-Austin and/or the Williamses or any of their respective contractors or subcontractors are performing operations, if the "property damage" arises out of these operations. Coverage is excluded for damage to the particular part of property upon which Williams-Austin and/or the Williamses or any of their respective contractors or subcontractors were performing operations.

48. The Mid-Continent policies further exclude coverage for "property damage" to that particular part of any property that must be restored, repaired, or replaced because Williams-Austin and/or the Williamses' work was incorrectly performed on it. To the extent the Baehrs seek repair and/or replacement of that particular part of property damaged because of Williams-Austin's and/or the Williamses' defective work, coverage is excluded.

49. Pursuant to Endorsement ML 1333, the Mid-Continent policies further preclude coverage for all costs associated with the removal or replacement of defective, deficient or faulty work.

50. To the extent that the Underlying Lawsuit involves property damage that falls within the scope of the Damage to Property and Defective Work Exclusions, Mid-Continent is entitled to a declaration that it has no duty to defend or indemnify Williams-Austin and/or the

Williamses under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs should they become a judgment creditor.

### The *Impaired Property Exclusion* Bars Coverage

51. Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 48 above.

52. Exclusion m. excludes "…'property damage' to property that was not physically injured arising from a 'defect' or 'deficiency' in the insured's product, or from a failure by the insured or anyone acting on its behalf to perform a contract or agreement in accordance with its terms."

53. To the extent the Underlying Plaintiffs claim loss of use of the Home due to the alleged defective work of Williams-Austin, Mid-Continent is entitled to a declaration that it has no duty to defend or indemnify Williams-Austin and/or the Williamses under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs should they become a judgment creditor.

### The *Expected Or Intended Exclusion* Bars Coverage

54. Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 51 above.

55. The Underlying Plaintiffs allege intentional and knowing acts or omissions on the part of Williams-Austin and/or the Williamses in their causes of action for failure to disclose known defects, breach of warranty to perform services in a good and workmanlike manner, breach of warranty of habitability and violations of the Texas Deceptive Trade Practices Act.

56. The *Expected Or Intended Exclusion* bars coverage for any damages related thereto. Therefore, Mid-Continent is entitled to a declaration that it has no duty to defend or

indemnify Williams-Austin and/or the Williamses under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs should they become a judgment creditor.

### The *Assumption of Liability in a Contract Exclusion* Bars Coverage

57. Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 54 above.

58. Although pled as negligence claims, the Underlying Plaintiffs allege a failure to perform under the Home sales contract between the Williamses and the Underlying Plaintiffs.

59. To the extent the Baehrs seek damages regarding an alleged breach of warranty in connection with the construction, design and performance in a good and workmanlike manner or breach of this duty by failing to properly design, supervise, improve, construct, market, sell and/or repair the Home, the *Assumption of Liability in a Contract Exclusion* bars coverage.

60. Mid-Continent is entitled to a declaration that it has no duty to defend or indemnify Williams-Austin and/or the Williamses under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs should they become a judgment creditor.

### Attorney's Fees are Not "Property Damage"

61. Mid-Continent alleges and incorporates by reference the allegations found in paragraphs 1 to 58 above.

62. The Underlying Plaintiffs seek damages for attorney's fees. The Mid-Continent CGL Policies do not provide coverage for attorney's fees as they are not "damages" under Texas law.

63. Therefore, to the extent the Underlying Plaintiffs seeks attorney's fees, Mid-Continent is entitled to a declaration that it has no duty to defend or indemnify Williams-Austin

and/or the Williamses under the Mid-Continent policies and no duty to pay policy proceeds to the Baehrs should they become a judgment creditor.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Mid-Continent Casualty Company, prays for judgment as follows:

A. Mid-Continent has no duty to defend Williams-Austin and/or the Williamses in the Underlying Lawsuit;

B. Mid-Continent has no duty to indemnify Williams-Austin, the Williamses and/or the Baehrs for damages awarded in the Underlying Lawsuit, if any;

C. Mid-Continent be awarded the attorneys' fees spent defending Williams-Austin and/or the Williamses under a reservation of rights in the Underlying Lawsuit; and

D. Mid-Continent be awarded such other and further relief, legal or equitable, general or specific, to which it may show itself to be justly entitled.

ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT                                         PAGE 18
D/1043568v3

Respectfully Submitted,

By: *s/ R. Brent Cooper*
**R. BRENT COOPER**
State Bar No. 04783250
Email:  Brent.Cooper@cooperscully.com **R. BRENT COOPER**
State Bar No. 04783250
Email:  Brent.Cooper@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone:  (214) 712-9500
Telecopy:   (214) 712-9540

And

**VASILIA M. WILKES**
State Bar No.  24051452
Email:  Vasilia.Wilkes@cooperscully.com

**COOPER & SCULLY, P.C.**
815 Walker Street, Suite 1040
Houston, Texas 77002
Telephone:  (713) 236-6800
Telecopy:   (713) 236-6880

**ATTORNEYS FOR PLAINTIFF,
MID-CONTINENT CASUALTY COMPANY**