IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MID-CONTINENT CASUALTY COMPANY, | § § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | CIV. A. NO. 1:22-CV-446-LY |
| WILLIAMS-AUSTIN BUILDERS, INC., SARAH AND JASON WILLIAMS, KRISTINA AND EVAN BAEHR, AND AS NEXT FRIEND TO C.B., M.B., E.B., AND S.B., | | |
| *Defendants.* | | |

**ORIGINAL ANSWER OF WILLIAMS-AUSTIN BUILDERS, INC., AND SARAH AND JASON WILLIAMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Defendants Williams-Austin Builders, Inc., and Sarah and Jason Williams (collectively, the "Williams Defendants") hereby file this, their Original Answer to the Original Complaint for Declaratory Judgment (the "Complaint") of Plaintiff Mid-Continent Casualty Company ("Plaintiff"). The Williams Defendants respectfully would show this Court the following:

**ANSWER**

The Williams Defendants admit that Plaintiff seeks the relief referenced in the unnumbered paragraph on the first page of the Complaint but deny that Plaintiff is entitled to the relief sought.

**I.
PARTIES**

1. On information and belief, the Williams Defendants admit the allegations in paragraph 1. of the Complaint.

2. The Williams Defendants admit the allegations in paragraph 2. of the Complaint.

3. The Williams Defendants admit the allegations in paragraph 3. of the Complaint.

4. The Williams Defendants admit the allegations in paragraph 4. of the Complaint.

5. On information and belief, the Williams Defendants admit the allegations in paragraph 5. of the Complaint.

6. On information and belief, the Williams Defendants admit the allegations in paragraph 6. of the Complaint.

## II.
## JURISDICTION AND VENUE

7. The Williams Defendants admit the allegations in paragraph 7. of the Complaint.

8. The Williams Defendants admit the allegations in paragraph 8. of the Complaint.

## III.
## FACTS

9. As alleged in paragraph 9. of the Complaint, the Williams Defendants admit that they have been sued in a lawsuit styled as Cause No. D-1-GN-21-002112, *Kristina and Evan Baehr, and As Next Friend to CB, MB, EB, and SB v. Williams-Austin Builders, Inc.; Sarah and Jason Williams; Ortiz Sheet Metal Roofing LLC; Guzman Framing; TexCode Inc.; Doyle Williamson; James Earl Westbrook; Westbrook Engineering, LLC; Randy Herrera; and Randy Herrera Designer, LLC; Woods Comfort Systems, Inc.*, in the 353rd Judicial District Court of Travis County, Texas (the "Underlying Lawsuit").

10. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 10. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

11. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 11. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

12. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 12. of the Complaint, including its subparts, to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

13. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 13. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

14. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 14. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

15. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 15. of the Complaint to the extent that Plaintiff's characterization of the factual

allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

16. The Williams Defendants admit the allegations in paragraph 16. of the Complaint.

### IV.
### MID-CONTINENT POLICIES

17. With regard to the allegations in paragraph 17. of the Complaint, the Williams Defendants state that they were insured under general liability insurance policies issued by Mid-Continent.

18. The Williams Defendants admit the allegations in paragraph 18. of the Complaint.

19. The Williams Defendants admit the allegations in paragraph 19. of the Complaint.

20. The Williams Defendants deny the allegations in paragraph 20. of the Complaint to the extent that Plaintiff states that the deductible on the policies from 2015 through 2021 was $1,000 per occurrence because the deductibles were $1,000 per claim. The Williams Defendants admit the remaining allegations in paragraph 20. of the Complaint.

21. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 21. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 21. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

22. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 22. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 22. of the

Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

23. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 23. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 23. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

24. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 24. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 24. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

25. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 25. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 25. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

## V.
## JUSTICIABLE INTEREST

26. The Williams Defendants admit the allegations in paragraph 26. of the Complaint.

27. The Williams Defendants admit the allegations in paragraph 27. of the Complaint.

28. The Williams Defendants admit the allegations in paragraph 28. of the Complaint.

## VI.
## COUNTS FOR DECLARATORY RELIEF

**The heading before paragraph 29. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

29. The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

30. The Williams Defendants admit the allegations in paragraph 30. of the Complaint.

31. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 31. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 31. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

32. The William Defendants cannot admit or deny the allegations in paragraph 32. of the Complaint because the Williams Defendants are unable to determine the veracity of how things "appear" to Mid-Continent; otherwise, they deny the allegations.

33. The Williams Defendants cannot admit or deny the allegations in paragraph 33. of the Complaint because the Williams Defendants are unable to determine the veracity of how things "appear" to Mid-Continent; otherwise, they deny the allegations.

34. The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 34. of the Complaint but deny that Plaintiff is entitled to the relief sought.

**The heading before paragraph 35. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

35. The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

36. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 36. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

37. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 37. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 37. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

38. The Williams Defendants deny the allegations in paragraph 38. of the Complaint.

39. The Williams Defendants deny the allegations in paragraph 39. of the Complaint.

40. The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 40. of the Complaint but deny that Plaintiff is entitled to the relief sought.

**The heading before paragraph 41. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

41. The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

42. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 42. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 42. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

43. The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 43. of the Complaint but deny that Plaintiff is entitled to the relief sought.

**The heading before paragraph 44. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

44. The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

45. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 45. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

46. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 46. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 46. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

47. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 47. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 47. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

48. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 48. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 48. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

49. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 49. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 49. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

50. The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 50. of the Complaint but deny that Plaintiff is entitled to the relief sought.

**The heading before paragraph 51. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

51. The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

52. The Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in paragraph 52. of the Complaint but state that the Mid-Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 52. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

53. The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 53. of the Complaint but deny that Plaintiff is entitled to the relief sought.

**The heading before paragraph 54. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

54. The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

55. The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 55. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

56. The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 56. of the Complaint but deny that Plaintiff is entitled to the relief sought.

**The heading before paragraph 57. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

57. The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

58.     The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in paragraph 58. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit.

59.     The Williams Defendants deny the allegations in paragraph 59. of the Complaint. Further answering, because Plaintiff is unable to affirmatively state that the declaration sought actually is warranted, Plaintiff's request for such declaration should be denied under Rule 12(b)(6) for failure to state a claim on which relief can be granted. Alternatively, the Williams Defendants move for judgment on the pleadings under Rule 12(b)(c) because Plaintiff has not met its burden to establish as a matter of law that no duty to defend or indemnify exists.

60.     The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 60. of the Complaint but deny that Plaintiff is entitled to the relief sought.

**The heading before paragraph 61. of the Complaint is a legal conclusion to which no response is required; however, to the extent this Court disagrees, the Williams Defendants deny the allegations therein.**

61.     The Williams Defendants allege and incorporate by reference their responses set forth above as if fully restated herein.

62.     The Williams Defendants state that the live pleading filed in the Underlying Lawsuit speaks for itself; therefore, the Williams Defendants deny the allegations contained in the first sentence of paragraph 62. of the Complaint to the extent that Plaintiff's characterization of the factual allegations differs from the actual factual allegations made in the live pleading filed in the Underlying Lawsuit. Further answering, the Williams Defendants admit that the Mid-Continent CGL Policies (as that term is defined in paragraph 18. of the Complaint) contain certain provisions as alleged in the second sentence of paragraph 62. of the Complaint but state that the Mid-

Continent CGL Policies speak for themselves; therefore, the Williams Defendants deny the allegations contained in paragraph 62. of the Complaint to the extent that they give an inaccurate portrayal of, or are otherwise inconsistent with, the provisions contained in the Mid-Continent CGL Policies.

63.  The Williams Defendants admit that Plaintiff seeks a declaration as set forth in paragraph 63. of the Complaint but deny that Plaintiff is entitled to the relief sought.

## VII.
## PRAYER

With respect to the unnumbered paragraph under the heading "**PRAYER**" of the Complaint, the Williams Defendants admit that the Plaintiff requests certain relief from this Court, including such requests as set forth in subparagraphs A. through D., but deny that the Plaintiff is entitled to the relief sought.

All allegations not admitted, denied, or otherwise explained are hereby denied.

### THE WILLIAMS DEFENDANTS' PRAYER FOR RELIEF

The Williams Defendants respectfully pray that, upon final trial, a Judgment be entered in their favor and against Plaintiff, that Plaintiff take nothing by way of this action, and that the Williams Defendants be awarded other and further relief, both general and special, at law or in equity, to which they may show themselves justly entitled.

//
//
//
//
//
//
//

Respectfully submitted,

SHIDLOFSKY LAW FIRM PLLC

By: */s/ Douglas P. Skelley*

    Douglas P. Skelley
    *Attorney-in-Charge*
    State Bar No. 24056335
    doug@shidlofskylaw.com
    Rebecca DiMasi
    State Bar No. 2407115
    rebecca@shidlofskylaw.com
    7200 N. Mopac Expressway, Suite 430
    Austin, Texas 78731
    Telephone: (512) 685-1400
    Facsimile: (866) 232-8709

**ATTORNEYS FOR DEFENDANTS WILLIAMS-AUSTIN BUILDERS, INC., SARAH WILLIAMS AND JASON WILLIAMS**

### CERTIFICATE OF SERVICE

    I hereby certify that on this 30th day of June 2022, a true and correct copy of the foregoing was filed via the Court's CM/ECF system, which will forward a copy of same to all counsel of record pursuant to the Federal Rules of Civil Procedure.

    */s/ Douglas P. Skelley*
    Douglas P. Skelley